UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO VASQUEZ, : 
: Civ. No. 14-4366 (RBK) (JS)
Plaintiff, :
: **OPINION**
v. :
:
BATISTE, et al. :
:
Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

      Plaintiff is currently incarcerated at F.M.C. Butner in Butner, North Carolina. He brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. *See* L.Civ.R. 5.1(f). The filing fee for a civil complaint is $400.00 ($350.00 if the plaintiff is proceeding *in forma pauperis*). While the Clerk has received the complaint, the complaint has not been filed as Plaintiff has not paid the filing fee nor has Plaintiff been granted *in forma pauperis* status.

      A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* Local Civil R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner

1

shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification."). In this case, plaintiff has not submitted an application to proceed *in forma pauperis*. He states that he has requested but has not yet been able to obtain a prisoner account statement for the past six months, but that he will do so once it is provided to him. However, merely submitting a prisoner account statement is not enough. As described above, petitioner also needs to submit an affidavit, including a statement of all assets, illustrating that the prisoner is unable to pay the filing fee. Furthermore, in any application to proceed *in forma pauperis* that plaintiff may elect to file, while the Court cannot rule out the possibility that plaintiff may find himself in circumstances where he is unable to obtain a six-month prisoner account statement that is certified by the appropriate prison official, plaintiff should specify the names and titles of the authorized prison officials whom he approached to get a certified copy of his prisoner account statement, the dates of these requests and the reason(s) the prison officials gave him in connection with their decision to deny his requests. This will allow the Court to potentially excuse plaintiff's failure to submit a six-month prisoner account statement that is certified by the appropriate prison official or to permit the Court to inquire further. Nevertheless, as of now, at a minimum, without any affidavit of poverty, plaintiff fails to comply with the statutory requirement necessary to be granted *in forma pauperis* status.

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account

exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

As plaintiff has neither pre-paid the filing fee nor submitted a complete application to proceed *in forma pauperis*, the Clerk will be ordered to administratively close the case. However, plaintiff shall be given an opportunity reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

DATED: August 1, 2014

              s/Robert B. Kugler
              ROBERT B. KUGLER
              United States District Judge