**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

EDUARDO VASQUEZ,                            :
                                            :
                    Plaintiff,              :          Civ. No. 14-4366 (RBK) (JS)
                                            :
            v.                              :          **MEMORANDUM AND ORDER**
                                            :
BATISTE, et al.,                            :
                                            :
                    Defendants.             :
_____ :

Plaintiff is a federal prisoner currently incarcerated at F.M.C. Butner in Butner, North

Carolina.  He is proceeding *pro se* with a civil rights complaint.  On September 19, 2014, this

Court denied plaintiff's application to proceed *in forma pauperis* without prejudice.  It was noted

that plaintiff failed to file the required certification from the appropriate prison official with

respect to his prisoner account statement.  Therefore, the matter was administratively terminated.

Plaintiff was given thirty days in which to seek to reopen this case by either paying the filing fee

or submitting a complete application to proceed *in forma pauperis*.

On October 6, 2014, the Court received plaintiff's motion to have this Court direct the

prison officials to file his trust fund account statement.  (*See* Dkt. No. 11.)  Plaintiff states that he

asked Ms. Leiner, the Trust Fund Supervisor, "to certify the trust fund statement for filing in this

case, and advised that she was the only person that could provide it, and that she would have to

send it herself directly to this court . . . . It is now apparent that it was not done." (*Id.* at p. 1.)

Thus, plaintiff requests that this Court order the prison officials to file the required trust fund

statement.

This Court will deny plaintiff's motion without prejudice.  While this Court cannot rule

out the possibility that plaintiff was unable to obtain signature of an authorized prison official

certifying his account, in addition to specifying the names and titles of authorized prison officials whom he approached with requests to certify his accounts, plaintiff must specify the dates of these requests and the reasons these authorized prison officials gave to Plaintiff in connection with their decisions to decline his requests.  Upon being presented with plaintiff's certification to that effect, this Court would be in a better position than it is now to determine whether it should excuse plaintiff's failure to obtain an authorized prison official's signature or whether the Court should conduct an additional inquiry into this matter.

Accordingly, IT IS this   11th   day of  March,  2015,

ORDERED that plaintiff's motion directing prison officials to file his trust fund statement (Dkt. No. 11.) is denied without prejudice; and it is further

ORDERED that if plaintiff wishes to reopen this case, he shall so notify the Court, within 30 days of the date of entry of this Order; plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement (or plaintiff's certification detailing his efforts with regard to obtaining that signature and the reasons he was given by the approached prison officials as to their decisions to decline of his requests for such signature), or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail this Memorandum and order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge