**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDUARDO VASQUEZ, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-4366 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| BATISTE, et al., | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.M.C. Butner in Butner, North Carolina. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 430 U.S. 388 (1971). The allegations of plaintiff's complaint arise while he was incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. Previously, this matter was administratively terminated as plaintiff's application to proceed *in forma pauperis* was incomplete. Subsequently, plaintiff has filed another application to proceed *in forma pauperis*. Therefore, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed without prejudice as the complaint is time-barred on its face.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. Plaintiff names four defendants in the complaint; specifically:  (1) Counselor Batiste; (2) Case Manager Adamiec; (3) Correctional Officer Sweeney; and (4) an unknown correctional officer.

Plaintiff alleges that he arrived at F.C.I. Fort Dix in April 2009. He requested medical treatment at that time due to at least twenty enlarged lymph nodes that had been discovered at plaintiff's previous place of incarceration. Subsequently, plaintiff requested the assistance of a Congressman to get the medical treatment that he needed after plaintiff was told that there was nothing wrong with him at F.C.I. Fort Dix. A biopsy ultimately revealed that plaintiff had stage four lymphoma. Plaintiff subsequently began to receive chemotherapy treatment.

On March 24, 2011, a few days after plaintiff received his chemotherapy treatment, the four defendants entered plaintiff's cell to search for a cell phone. Batiste then grabbed plaintiff's arm and forcefully attempted to raise it. Plaintiff told Batiste that he could not raise his arm because his lymph nodes were swollen due to his cancer. Batiste ignored plaintiff's pleas and continued to raise his arms despite plaintiff's excruciating pain. Subsequently, Batiste then pushed plaintiff to the floor which caused plaintiff to fall on his back on the cell floor. Batiste then continued to search plaintiff despite plaintiff's cries in pain. Batiste forcefully widened plaintiff's legs which caused plaintiff further pain. Finally, Batiste put a wheelchair next to plaintiff and ordered someone to take him to the medical department.

Plaintiff argues that the cell search was pretextual and conducted in retaliation for plaintiff reporting the denial of his medical treatment to the Congressman. He asserts that his First Amendment right to be free from retaliation was violated and that Batiste violated his

Eighth Amendment rights to be free from cruel and unusual punishment. He seeks monetary damages from the defendants as relief.

### III.  STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 525 F. App'x 184, 186 (3d Cir. 2013) (Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim) (citations omitted).

B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

## IV.   DISCUSSION

At the outset, it is worth noting that this Court can raise the issue of the statute of limitations *sua sponte* at this screening stage. *See Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson,* 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato,* 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred

under 28 U.S.C. § 1915A(b)(l) where it is apparent from the complaint that the applicable statute of limitations has run."). The statute of limitations for a *Bivens* claim is taken from the forum state's personal injury statute. *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (per curiam) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988)). New Jersey's statute of limitations for personal injury actions is two years. *See* N.J. STAT. ANN. § 2A:14-2. "While state law provides the applicable statute of limitations, federal law controls when a *Bivens* claim accrues." *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (per curiam) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Under federal law, a *Bivens* claims accrues when the plaintiff knows of or has reason to know of the injury. *See Hughes*, 341 F. App'x at 752 (citing *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

In this case, plaintiff knew or had reason to know of his injury on March 24, 2011, when Batiste purportedly entered his cell and hurt plaintiff. *See* Ostuni, 532 F. App'x at 112 (excessive force claim typically accrues on the date of the assault because at that point plaintiff has reason to know of the injury); *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 914 F. Supp. 2d 547, 560 (M.D. Pa. 2013) ("[A] First Amendment retaliation claim would have accrued after any individual act which was intended to punish the person exercising their First Amendment rights.") (citing *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006); *Karchnak v. Swatara Twp.*, 540 F. Supp. 2d 540, 547 (M.D. Pa. 2008)). However, plaintiff did not file his complaint in this Court until June 30, 2014,[2] (*see* Dkt. No. 1-1 at p. 1.) or more than two years

---

[2] Pursuant to the prisoner mailbox rule, plaintiff's complaint is deemed filed on the date that it was delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Plaintiff does not state when he handed over his complaint to prison officials for mailing. In such cases, courts often look to the date when the prisoner signed the document as logically the prisoner cannot have mailed it any earlier than that. *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for

5

after his *Bivens* claims accrued. Thus, it appears that the complaint is untimely absent any potential reasons that the statute of limitations should be tolled.

The United States Court of Appeals for the Third Circuit has held that the statute of limitations is tolled while a prisoner exhausts administrative remedies. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); *see also Bullock v. Buck*, No. 14-4559, 2015 WL 1951895, at *2 (3d Cir. May 1, 2015). The Bureau of Prisons' ("BOP") Administrative Remedy Program is a multi-tier process that allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The inmate first must attempt to informally resolve his issue with the institutional staff. *See id.* § 542.13(a). If informal resolution fails or is waived, the inmate then may submit a formal Administrative Remedy Request on the appropriate BP-9 form within twenty calendar days following the date for which the basis for the request occurred. *See id.* § 542.14(a). If the inmate is unsatisfied with the warden's response to his Administrative Remedy Request, he may submit an appeal on the BP-10 form to the appropriate Regional Director within twenty calendar days of the date the warden signed the response. *See id.* § 542.15(a). An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel on the appropriate BP-11 form within thirty calendar days of the date the Regional Director signed the response. *See id.* An inmate's appeal to the General Counsel is the final administrative appeal. *See id.*

Plaintiff attached the June 19, 2012 Central Office General Counsel's decision on his appeal of his administrative grievance to his complaint. (*See* Dkt. No. 1-1 at p. 3.) Thus, even

---

mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). In this case, plaintiff's cover page that is attached to his complaint is dated June 30, 2014. Thus, it follows that this would be the earliest date that plaintiff would have handed his complaint to prison officials for mailing.

6

though the applicable statute of limitations on plaintiff's complaint is tolled until that date, the complaint is still untimely as plaintiff did not file his complaint until more than two years after June 19, 2012, or not until June 30, 2014. Therefore, the fact that the statute of limitations was tolled until June 19, 2012 does not make plaintiff's complaint timely.[3]

Additionally, plaintiff makes no argument in the complaint that he is entitled to equitable tolling. "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). "To obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" *Id.* (quoting *Santos*, 559 F.3d at 197). Thus, plaintiff's complaint will be dismissed as it does not appear that tolling makes the complaint timely.

---

[3] In what appears to be a handwritten note by plaintiff on the Central Office's decision, plaintiff appears to state that he did not receive notice of the Central Office's decision until June 26, 2012. (*See* Dkt. No. 1-1 at p. 3.) However, even if this Court were to use that date as the date that his statute of limitations began to run, plaintiff's June 30, 2014 complaint would still be untimely by a few days as it was filed more than two years after June 26, 2012.

## V. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed as time-barred. Nevertheless, this dismissal will be without prejudice in the event that plaintiff can assert a claim that falls within the two-year statute of limitations. Any such amended complaint shall be filed within thirty days after the date of this Opinion and accompanying Order.

DATED:  July 23, 2015

                                                   s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge