UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDUARDO VASQUEZ, :
:
      Plaintiff, : Civ. No. 14-4366 (RBK) (JS)
:
v. :
: **OPINION**
BATISTE, et al., :
:
      Defendants. :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.M.C. Butner in Butner, North Carolina. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 430 U.S. 388 (1971). Plaintiff's complaint was dismissed without prejudice as time-barred on July 28, 2015. However, plaintiff was given leave to move to reopen this case within thirty days if he attached a proposed amended complaint that addressed the original complaint's dismissal on statute of limitations grounds.

On August 24, 2015, this Court received plaintiff's application to reopen this case. (*See* Dkt. No. 16.) Therefore, the Clerk will be ordered to reopen this case so that this Court can rule on plaintiff's application to reopen. For the following reasons, plaintiff's application to reopen will be denied.

## II.    BACKGROUND

This Court laid out the factual allegations of plaintiff's original complaint as follows in a prior Opinion:

> Plaintiff names four defendants in the complaint; specifically: (1) Counselor Batiste; (2) Case Manager Adamiec; (3) Correctional Officer Sweeney; and (4) an unknown correctional officer.
>
> Plaintiff alleges that he arrived at F.C.I. Fort Dix in April 2009. He requested medical treatment at that time due to at least twenty enlarged lymph nodes that had been discovered at plaintiff's previous place of incarceration. Subsequently, plaintiff requested the assistance of a Congressman to get the medical treatment that he needed after plaintiff was told that there was nothing wrong with him at F.C.I. Fort Dix. A biopsy ultimately revealed that plaintiff had stage four lymphoma. Plaintiff subsequently began to receive chemotherapy treatment.
>
> On March 24, 2011, a few days after plaintiff received his chemotherapy treatment, the four defendants entered plaintiff's cell to search for a cell phone. Batiste then grabbed plaintiff's arm and forcefully attempted to raise it. Plaintiff told Batiste that he could not raise his arm because his lymph nodes were swollen due to his cancer. Batiste ignored plaintiff's pleas and continued to raise his arms despite plaintiff's excruciating pain. Subsequently, Batiste then pushed plaintiff to the floor which caused plaintiff to fall on his back on the cell floor. Batiste then continued to search plaintiff despite plaintiff's cries in pain. Batiste forcefully widened plaintiff's legs which caused plaintiff further pain. Finally, Batiste put a wheelchair next to plaintiff and ordered someone to take him to the medical department.
>
> Plaintiff argues that the cell search was pretextual and conducted in retaliation for plaintiff reporting the denial of his medical treatment to the Congressman. He asserts that his First Amendment right to be free from retaliation was violated and that Batiste violated his Eighth Amendment rights to be free from cruel and unusual punishment. He seeks monetary damages from the defendants as relief.

(Dkt. No. 14 at p. 2-3.)

Plaintiff's complaint was found to be barred by the applicable two-year statute of limitations for this *Bivens* action. This Court determined that plaintiff's statute of limitations was tolled until June 19, 2012, or when he exhausted his administrative remedies. Thus, plaintiff's June 30, 2014 complaint was filed after the statute of limitations expired by a few days.

2

Furthermore, this Court noted that even if this Court used the date that plaintiff purportedly found out that his administrative remedies were exhausted (June 26, 2012), his June 30, 2014 complaint was still filed after the two-year statute of limitations had expired. Nevertheless, this Court granted plaintiff leave to file a proposed amended complaint that addresses the statute of limitations issue.

On August 24, 2015, this Court received plaintiff's response to the dismissal of his original complaint. Plaintiff requests that this Court equitably toll the statute of limitations from June 20, 2014 to June 26, 2014. He states that he first asked for a copy of his trust fund account statement on June 1, 2014 so that he could file his complaint. However, on June 13, 2014, plaintiff states that he was informed by a counselor that he could not provide him with one because he was only temporarily assigned to that facility for chemotherapy treatment. On June 13, 2014, plaintiff sent an email to "AW Bloster" that requested further assistance for getting a copy of his trust fund account statement since he had been sent to the facility for treatment that was to last two years. AW Bloster responded to plaintiff's email that he could not help him nor did he know how to obtain a copy of his trust fund account statement.

On June 20, 2014, plaintiff asked his case manager for assistance in obtaining his trust fund account statement. However, on June 27, 2014, his case manager informed him that she could not provide him a copy due to his holdover status. On June 27, 2014, plaintiff sent an email to the trust fund supervisor for assistance in obtaining his trust fund account statement, but was never provided with a response.

On June 30, 2014, plaintiff mailed his complaint to this Court. He explained that he had been unable to obtain a copy of his trust fund account statement.

In his motion to reopen, plaintiff asserts that he exercised due diligence in pursuing his claims by attempting to obtain a copy of his trust fund account statement. He states that he believed that the complaint would not be accepted by the clerk without a copy of the trust fund account statement. He states that he was misled by his case manager on June 20, 2014 that a copy would be provided to him and that he would still be able to mail it to the court by June 26, 2014. Plaintiff states that he placed his complaint in the prison mailbox on Sunday June 29, 2014. Thus, plaintiff asserts that he is entitled to equitable tolling between June 20, 2014 and June 26, 2014.

### III.   DISCUSSION

This Court outlined the doctrine of equitable tolling in its prior Opinion. More specifically, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). "To obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" *Id.* (quoting *Santos*, 559 F.3d at 197).

Plaintiff's motion to reopen fails to show that he is entitled to equitable tolling. He has not shown that he has in some extraordinary way been prevented from asserting his rights. Plaintiff has not shown that he exercised due diligence in pursuing and preserving his claims. Indeed, plaintiff could have filed his complaint prior to obtaining his trust fund account

4

statement in order to preserve his claims. In fact, this is exactly what plaintiff eventually attempted to do by filing his complaint on June 30, 2015, prior to obtaining his trust fund account statement. However, as explained in the prior Opinion, that complaint was filed a few days after the statute of limitations had expired.[1] Accordingly, plaintiff has failed to show that equitable tolling should apply to warrant a finding that his complaint should be considered timely.[2]

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to reopen will be denied. An appropriate Order will be entered.


DATED:  September 2, 2015

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge

---

[1] Plaintiff alludes to the fact that he placed his complaint in the prison mailbox for mailing on June 29, 2014. However, plaintiff's cover letter to the court which accompanied his complaint is dated June 30, 2014. Thus, this is the date that the Court has used for the filing of the complaint pursuant to the prisoner "mailbox rule." However, even if June 29, 2014 is used, the complaint was still untimely by a few days.

[2] It is also worth noting that plaintiff waited until there was less than one month left in his two-year statute of limitations period in which to begin the process of obtaining his trust fund account statement so that he could file an application to proceed *in forma pauperis*. *See Lyons v. Emerick*, 187 F. App'x 219, 222 (3d Cir. 2006) (per curiam) ("The fact that Lyons missed his deadline for filing suit while he was waiting on prison officials to respond to his request for his account statement does not justify the tolling of the statute of limitations in this case. Despite the fact that Lyons had two years to file his complaint, he waited until the last minute when his schedule was derailed by a delay in the paperwork necessary to file his complaint *in forma pauperis*. Lyons did not exercise reasonable diligence in pursuing his claims and, thus, is not eligible for equitable tolling.") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)).