UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDUARDO VASQUEZ, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-4366 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| BATISTE, et al., | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.M.C. Butner in Butner, North Carolina. He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six Unkonwn Named Agents of Fed. Bureau of Narcotics*, 430 U.S. 388 (1971). Plaintiff's complaint was dismissed without prejudice as time-barred on July 28, 2015. However, plaintiff was given thirty days in which to move to reopen this case if he attached a proposed amended complaint that addressed the original complaint's dismissal on statute of limitations grounds. On September 9, 2015, this Court denied plaintiff's motion to reopen. Subsequently, plaintiff has filed a motion to vacate the September 9, 2015 Opinion and Order. (*See* Dkt. No. 21.) The Clerk will be ordered to reopen this case so that this Court can rule on plaintiff's most recent motion. For the following reasons, plaintiff's motion to vacate will be denied.

## II.  BACKGROUND

This Court laid out the factual allegations of plaintiff's original complaint in a prior Opinion; specifically:

> Plaintiff names four defendants in the complaint; specifically: (1) Counselor Batiste; (2) Case Manager Adamiec; (3) Correctional Officer Sweeney; and (4) an unknown correctional officer. Plaintiff alleges that he arrived at F.C.I. Fort Dix in April 2009. He requested medical treatment at that time due to at least twenty enlarged lymph nodes that had been discovered at plaintiff's previous place of incarceration. Subsequently, plaintiff requested the assistance of a Congressman to get the medical treatment that he needed after plaintiff was told that there was nothing wrong with him at F.C.I. Fort Dix. A biopsy ultimately revealed that plaintiff had stage four lymphoma. Plaintiff subsequently began to receive chemotherapy treatment.
>
> On March 24, 2011, a few days after plaintiff received his chemotherapy treatment, the four defendants entered plaintiff's cell to search for a cell phone. Batiste then grabbed plaintiff's arm and forcefully attempted to raise it. Plaintiff told Batiste that he could not raise his arm because his lymph nodes were swollen due to his cancer. Batiste ignored plaintiff's pleas and continued to raise his arms despite plaintiff's excruciating pain. Subsequently, Batiste then pushed plaintiff to the floor which caused plaintiff to fall on his back on the cell floor. Batiste then continued to search plaintiff despite plaintiff's cries in pain. Batiste forcefully widened plaintiff's legs which caused plaintiff further pain. Finally, Batiste put a wheelchair next to plaintiff and ordered someone to take him to the medical department.
>
> Plaintiff argues that the cell search was pretextual and conducted in retaliation for plaintiff reporting the denial of his medical treatment to the Congressman. He asserts that his First Amendment right to be free from retaliation was violated and that Batiste violated his Eighth Amendment rights to be free from cruel and unusual punishment. He seeks monetary damages from the defendants as relief.

(Dkt. No. 14 at p. 2-3.)

Plaintiff's original complaint was found to be barred by the applicable two-year statute of limitations. This Court determined that plaintiff's statute of limitations was tolled until June 19,

2012, when he exhausted his administrative remedies. Plaintiff filed his complaint on June 30, 2014, or a several days after the two-year statute of limitations had expired.[1]

On August 24, 2015, this Court received plaintiff's response to the dismissal of his original complaint. Plaintiff requested that this Court toll his statute of limitations from June 20, 2014 until June 26, 2014 because he was having problems obtaining a copy of his prisoner inmate trust account so that he could file his application to proceed *in forma pauperis*. Ultimately, on September 9, 2015, this Court determined that plaintiff was not entitled to equitable tolling during this period. This Court noted that plaintiff had not shown that he had been prevented from asserting his rights in some extraordinary way or that he had exercised due diligence in pursuing and preserving his claims. This Court noted that plaintiff could have filed his complaint prior to obtaining his trust fund account statement. Indeed, this is in fact what plaintiff ultimately did when he sent his complaint to this Court on June 30, 2014.

In a document dated October 7, 2015, plaintiff filed his motion to vacate or amend the September 9, 2015 Opinion and Order. This Court construes this motion by plaintiff as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) as it is deemed filed within twenty-eight days of the Court's September 9, 2015 Opinion and Order pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71 (prisoner mailbox rule provides that document is deemed filed on date it was delivered to prison officials for mailing).

Plaintiff makes three points in his motion to vacate the September 9, 2015 Opinion and Order. First, plaintiff states that while he waited until almost the last minute to begin the process of obtaining his prison account statement, he was undergoing chemotherapy treatment for the

---

[1] As this Court noted in a prior Opinion, June 30, 2014 is deemed the date that plaintiff filed his complaint under the prisoner "mailbox rule" because that is the date plaintiff dated his cover page that accompanied his complaint. (*See* Dkt. No. 14 at p. 5-6 n.2.) Accordingly, plaintiff's complaint could not be deemed filed prior to that date.

3

eight months leading up to filing his complaint. Second, plaintiff alleges bad faith on the part of prison officials who purportedly lured him into believing that his prisoner account statement would be provided to him. Finally, plaintiff alleges that he had never filed a civil rights complaint before and was relying on local rules that would have rejected his complaint for failing to include the six-month prisoner account statement with his complaint.

### III.   DISCUSSION

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

Plaintiff does not allege an intervening change in controlling law nor the availability of new evidence that was not available when this Court dismissed the complaint. Thus, it appears as if plaintiff is seeking to have this Court reconsider the dismissal of the complaint based on the need to correct a clear error of law or fact or to prevent manifest injustice.

As this Court has previously noted, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). "To obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" *Id.* (quoting *Santos*, 559 F.3d at 197).

As noted in *supra* Part II, plaintiff first argues that this Court should reconsider its finding that the complaint was untimely because he was undergoing chemotherapy treatments for the eight months prior to filing his complaint. Assuming *arguendo* that a plaintiff's physical illness can warrant equitable tolling, such tolling would only be appropriate if the physical illness actually prevented him from complying with the applicable statute of limitations. *See, e.g.*, *Eaton v. Phelps*, No. 07-0281, 2008 WL 2942144, at *4 (D. Del. July 30, 2008) (noting equitable tolling only appropriate if physical illness actually prevented petitioner from complying with limitations period) (citing *Millimaci v. Brooks*, No. 06-0135, 2006 WL 3814615, at *4 (W.D. Pa. Dec. 27, 2006); *see also Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (noting that mental and physical illnesses require case-specific approach to determine whether equitable tolling applies, but that "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, [it] is manifestly insufficient to justify any further inquiry into tolling."). In this case, plaintiff fails to show how his illness prevented him from complying with the two-year statute of limitations. Indeed, during

the limitations period, plaintiff's actions indicate that he was actively attempting to pursue his rights as illustrated by his attempts to obtain his six-month account statement. Thus, while the Court is sympathetic to the fact that plaintiff had to undergo chemotherapy treatments, such an allegation is insufficient to show that he was in some "extraordinary way" prevented from pursuing his rights.

Plaintiff next argues that he was misled by prison officials with respect to when he would receive his prisoner account statement so that he could file a complete *in forma pauperis* application. This argument is also insufficient to warrant a finding that equitable tolling should apply. *See Lyons v. Emerick*, 187 F. App'x 219, 222 (3d Cir. 2006) (per curiam) ("The fact that Lyons missed his deadline for filing suit while he was waiting on prison officials to respond to his request for his account statement does not justify the tolling of the statute of limitations in this case. Despite the fact that Lyons had two years to file his complaint, he waited until the last minute when his schedule was derailed by a delay in the paperwork necessary to file his complaint *in forma pauperis*. Lyons did not exercise reasonable diligence in pursuing his claims and, thus, is not eligible for equitable tolling.") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)); *Darby v. Dallas*, No. 06-1928, 2007 WL 2428582, at *4 (N.D. Tex. Aug. 24, 2007) ("Plaintiff's excuse that he could not file his § 1983 complaint timely because he was waiting for a notarized copy of his prison account statement is not a 'rare and exceptional circumstance' sufficient to invoke equitable tolling.").

This Court is aware that in another non-precedential decision, a different panel of the Third Circuit found that it was not bound by the decision in *Lyons*. *See DaSilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam). However, for the following reasons, this Court finds *DaSilva* distinguishable. In *DaSilva*, the District Court dismissed the complaint

on screening as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See DaSilva*, 413 F. App'x at 499-500. Subsequently, DaSilva filed a Rule 60(b) motion arguing that he had not been given an opportunity to amend his complaint. *See id.* at 500. The District Court denied the motion and held that any amendment would be futile because the complaint was barred by the statute of limitations. *See id.* In *DaSilva*, the District Court noted that the plaintiff had signed the complaint and *in forma pauperis* application within the presumed bounds of the statute of limitations, but, citing *Lyons*, concluded that the several week delay by the prison official who certified DaSilva's prison account did not warrant equitable tolling. *See id.* In vacating and remanding the matter to the District Court, the Third Circuit determined that it was unclear from the record when the plaintiff submitted his complaint to the clerk for filing as the complaint was dated within the applicable statute of limitations period. *See id.* at 501-02. Additionally, the panel in *Dasilva* noted that it was not bound by *Lyons* and that there may have been other equitable tolling arguments that the plaintiff had no opportunity to present. *See id.*

     Unlike *Dasilva*, it is clear that the plaintiff in this case did not submit his complaint to the clerk for filing within the applicable statute of limitations. Plaintiff's cover letter to the clerk that accompanied his complaint is dated June 30, 2014, and his complaint is dated June 27, 2014. Both dates are after the statute of limitations expired. Furthermore, and unlike *DaSilva*, this Court provided the plaintiff with an opportunity to present his equitable tolling arguments after the complaint was initially dismissed.

     Finally, this Court construes plaintiff's argument that he had never filed a civil rights complaint and was relying on the local rules as an argument that his lack of legal knowledge is sufficient for this Court to find that equitable tolling should apply. However, plaintiff's lack of legal knowledge is insufficient to warrant equitable tolling in this case. *See Bieregu v. Ashcroft*,

259 F. Supp. 2d 342 (D.N.J. 2003) (stating that lack of legal knowledge does not constitute "extraordinary circumstance" required for equitable tolling) (citations omitted); *see also Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (noting in habeas context that fact that petitioner is proceeding *pro se* and his lack of legal knowledge or training does not along justify equitable tolling).

Therefore, plaintiff has failed to show that his request for reconsideration should be granted since he has not shown that this Court should reconsider its September 9, 2015 Opinion and Order because he is entitled to equitable tolling.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate or amend the September 9, 2015 Order is denied. An appropriate Order will be entered.

DATED:  October 29, 2015

                                                      s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge